# W. T. HALE v. STATE.

No. A-7513.   Opinion Filed Feb. 7, 1931.
(296 Pac. 509.)

Meacham, Meacham & Meacham, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Kiowa county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of four years.

The evidence of the state was that the defendant and his son Coy were driving upon the highway and came to a place where two cars were parked and where a group of boys were gathered; that the defendant and his son got out of the car and went over to where the boys were, and defendant's son demanded a drink of whisky; that one of the boys told him they did not have any.   There was some evidence that all the parties had been drinking; that an argument started; that defendant and his son had knives in their hands, and that defendant stuck his knife in the back of one of the boys, Shorty Henson, and that thereupon Red Henson, the deceased, became involved in the controversy, and defendant and his son backed up to defendant's

car and defendant took a tire pump out of the car and struck Shorty Henson over the head a couple of times, and also struck the deceased with the pump; that defendant continued to fight with Shorty Henson and defendant's son with the deceased; that after the fight was over, it was discovered that the deceased had been stabbed three times with a knife; and that he later died from the effects of the wounds received in the fight.

The defense was a general denial and a plea of self-defense.

There is a sharp conflict in the testimony, the witnesses for the state testifying to a state of facts that clearly establishes the guilt of the defendant. The testimony of the defendant and his witnesses, if believed by the jury, would not have justified an acquittal, but might have been sufficient to further reduce the grade of the crime.

Defendant contends that the court erred in giving instruction No. 13, which reads as follows:

"You are instructed that upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon the defendant, unless the proof on the part of the prosecution tends to show that such homicide amounts only to manslaughter, or that the defendant was justifiable or excusable."

This instruction is a verbatim copy of section 2719, C. O. S. 1921. The defense being not only a denial that defendant committed the crime, but also that defendant acted in his own self-defense and in the defense of his son, the court did not err in giving the instruction.

Defendant next complains of the giving of instruction No. 21.

This court has held in numerous cases that the instructions must be consider. ⅂ as a whole, and when considered together, if they fairly ₍ ⅂d correctly state the law applicable to the case, they will be sufficient.

Defendant says:

"We think that the court should have gone further in this instruction and said to the jury that under such circumstances it would be their duty to find the defendant guilty, unless they found from the evidence that the acts of the defendant were justified in his own self-defense and in the defense of his son."

The court might have said this in the instruction complained of, but the court on its own motion, in instructions 16, 17, and 18, had set out fully the rights of defendant and his son to act in their self-defense and in the defense of each other, and it was not necessary to repeat any part of it in the instruction complained of.

The evidence being sufficient to support the verdict of the jury, and no substantial errors of law appearing upon the record to require a reversal, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.